UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LITEPANELS, Ltd,<br><br>     Plaintiffs,<br><br> v.<br><br>LUPO S.r.l.,<br><br>     Defendant. | Civil Action No. |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Litepanels, Ltd. ("Litepanels") for its Complaint against Defendant, Lupo S.r.l. ("Lupo"), hereby alleges as follows:

**PARTIES**

1. Litepanels is a United Kingdom private limited company with its principal place of business located at Bridge House, Heron Square, Richmond, TW9 1EN, United Kingdom.

2. Lupo is a foreign entity organized under the laws of Italy with a place of business at Via Sassi 28/30 Collegno, Torino, Piemonte, Italy.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, for which this Court has jurisdiction of the subject matter under 28 U.S.C. §§ 1331 and 1338(a).

4. Upon information and belief, Defendant is subject to personal jurisdiction of this Court because Defendant is a foreign corporation having done, and currently doing, business in this District, including offering for sale, selling and distributing certain of its LED-based

photographic lighting products which infringe one or more of Plaintiff's patents identified herein (the "Accused Products"), directly to Texas consumers and/or to Texas distributors with actual knowledge and/or expectation that the Accused Products would be sold in Texas and purchased by consumers in Texas and/or will be used by consumers in Texas.

5. Therefore, the exercise of jurisdiction over Defendant is proper under the applicable jurisdictional statutes and would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this Court under 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b) because Defendant has sufficient minimum contacts with the forum state and has committed acts of infringement in this District by way of its actual knowledge and/or expectation that the Accused Products have been sold in Texas and purchased by consumers in Texas, and/or will be used by consumers in Texas.

## FACTUAL BACKGROUND

7. Throughout its history, Litepanels has made substantial investments to research, develop, and manufacture an array of technically innovative and commercially successful products.

8. This commitment to research, development, and quality manufacturing processes, gave rise to the Litepanels brand of high quality, light emitting diode ("LED") based lighting systems, including the Litepanels brand Gemini and Astra product lines, which have become staples of the United States motion picture, television, and still photography industries.

9. Litepanels acts diligently and aggressively to secure protection for the fruits of its ongoing investments. Litepanels has numerous issued United States and international patents for

its innovations including, but not limited to, the following United States Patents: 7,972,022 (the "'022 patent") (the "Asserted Patent").[1]

10. Litepanels has consistently and continuously marked its products which practice the Asserted Patents in compliance with 35 U.S.C. § 287, and to the extent Litepanels licenses the Asserted Patents to third parties, it requires that such third parties also mark their products which practice one or more of the Asserted Patents.

11. As the popularity and goodwill associated with the Litepanels brand of LED lighting systems products grew, so too did the number of foreign and U.S.-based operations attempting to capitalize on Litepanels' investments and innovations. Litepanels encountered numerous "knock-off" and other low-quality variations of Litepanels brand LED lighting systems products in the U.S. marketplace.

12. Included amongst the products Litepanels has encountered are certain models and/or product lines of LED lighting devices for illuminating the subject for film, photography or video manufactured by or for Lupo and which Lupo previously marketed, offered for sale, and sold, as well as currently marketed, offered for sale, and sold, in the United States, by Defendant.[2]

13. Upon information and belief, the following chart ("Chart") depicts the specific Lupo products and/or product lines previously sold or/or marketed for sale and/or currently for

---

[1] Plaintiff, pursuant to 35 U.S.C. § 286 seeks infringement damages for the period of time from six years prior to the date of the filing of this complaint through the date of the Asserted Patent's expiration.
[2] Plaintiff limits its claims that Defendant *currently* markets, offers for sale, and sells the Accused Products only to those Accused Products manufactured and/or imported *prior* to expiration of the Asserted Patents.

sale and/or being marketed for sale in the United States ("Accused Products") which directly and/or indirectly infringe the Asserted Patent.[3]

| PRODUCT AND/OR PRODUCT LINE | '022 PATENT |
|---|---|
| LupoLED series (including, but not limited to, 576, 1024, and 1380) | X |
| SmartPanel series (including but not limited to P-1200, P-150, P-75, and P-20) | X |
| SuperPanel series (including, but not limited to 576, 1092, and 1806) | X |
| ActionPanel series (including, but not limited to 576, 1092, and 1806) | X |

14. Upon information and belief, Defendant made and/or makes, imported and continue to imports, marketed and/or markets, offered for sale and/or offers for sale, and sold and/or sells the Accused Products which incorporate, without license, many inventions developed by Litepanels and protected by the Asserted Patent.

## COUNT I - INFRINGEMENT OF THE '022 PATENT

15. Plaintiff incorporates paragraphs 1 through 14 above by reference.

16. The '022 patent, entitled "Stand-Mounted Light Panel For Natural Illumination in Film, Television or Video," issued July 5, 2011 to inventors Rudy Pohlert, Pat Grosswendt, Kevin Baxter, and Ken Fisher.

17. Litepanels owns all right, title, and interest to the '022 patent, a copy of which is attached to this Complaint as Exhibit A.

18. Defendant has infringed at least claim 1 of the '022 patent in this District and throughout the United States by importing, using, selling and/or offering for sale the Accused Products. Each of the Accused Products meet each and every limitation of at least claim 1 of the '022 patent. Defendant has infringed literally and/or under the doctrine of equivalents.

---

[3] Upon information and belief, the Accused Products identified in the chart were previously sold or are currently offered for sale in the United States by Defendant. Discovery may reveal that the Accused Products infringe additional patents beyond those identified in the chart. Further, discovery may reveal additional products and/or product lines which infringe one or more of the Asserted Patents. Accordingly, Plaintiff reserves the right to amend its allegations with regard to Accused Products.

19. For example, Defendant marketed, offered for sale, and sold, as well as currently markets, offers for sale, and sells[4], through its retail location(s), website(s), and distribution center(s), certain of the Accused Products[5], including Lupo's LupoLED 560 Light product (hereinafter, "LupoLED")[6] which is exemplary and representative of the Accused Products and—like all Accused Products—contains each element of and infringes at least claim 1 of the '022 patent, which recites the following:

> An apparatus for illuminating a subject for film, photography or video, the apparatus comprising:
> a frame having a front;
> a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination, said semiconductor light elements having a color temperature suitable for image capture, at least one of said semiconductor light elements individually emitting light in a daylight color temperature range or a tungsten color temperature range; and
> a dimmer whereby an illumination intensity of said semiconductor light elements may be user adjusted;
> wherein said frame is adapted for being mounted to and readily disengaged from a stand.

20. As confirmed by at least the following images and cited references, the LupoLED is an apparatus meant for illuminating a subject for film, photography or video. Lupo advertised/advertises the LupoLED on its website as being "the ideal solution for all types of photographic and video shooting: ceremony, portraiture, fashion, decor and still life."[7]

21. The LupoLED includes a frame having a front as shown in the following image:[8] [9]

---

[4] *See supra* n.2.
[5] *See* Chart at ¶ 13, *supra*.
[6] *See e.g.,* http://www.lupo.it/en/fotografia/lupoled560 (visited January 20, 2018).
[7] *Id.*
[8] In *Litepanels v. Flolight, LLC*, the United States District Court for the Eastern District of Texas, Marshall Division, construed 'frame' as being a "supporting structure" and 'front' as being the "side from which light is emitted." *See Litepanels, LTD, et al v. Flolight, LLC,* 2:20-cv-00344 at Dkt. 57.
[9] http://www.lupo.it/en/fotografia/lupoled560 (visited January 20, 2018).



22. The LupoLED contains a plurality of semiconductor light elements disposed on the front of the frame and configured to provide a continuous source of illumination as shown in the following image:[10]



23. The semiconductor light elements on the LupoLED have a color temperature suitable for image capture which Lupo markets as providing "very high colour output (CRI > 95) studied specifically for video and photography."[11]

---

[10] *Id*.
[11] *Id.*

24. At least one of the semiconductor light elements on the LupoLED product emits light in a daylight color range or a tungsten color temperature range. Lupo markets the LupoLED as available in a color temperature of "5600 K or 3200 K," which represents the ability to produce in either the daylight or tungsten color temperature ranges. Lupo also markets a "Dual Color" model of the LupoLED as capable of producing a color temperature which is "variable from 5600 K to 3200 K," further advertising that, "[c]olour temperature can be easily adjusted from 3200 K to 5600 K using the knob on the back of the fixture."[12] [13]

25. The LupoLED product contains a dimmer whereby an illumination intensity of said semiconductor light elements may be user adjusted. Lupo markets the LupoLED on its website using the following image related to adjustment of brightness via a user adjusted knob and advertising that the "Lupoled 560 panels, like all Lupo LED panels, are dimmed continuously from 0% to 100% without varying in colour temperature."[14] [15]



26. The LupoLED frame is adapted for being mounted and readily disengaged from a stand which Lupo advertised/advertises on its website with images showing the LupoLED

---

[12] *Id.*
[13] http://www.lupo.it/en/fotografia/lupoled560-Dual-Color (visited October 31, 2017).
[14] http://www.lupo.it/en/fotografia/lupoled560 (visited January 20, 2018).
[15] http://www.lupo.it/en/fotografia/lupoled560-Dual-Color (visited October 31, 2017).

mounted on a stand, with an adjustable knob to allow the panel to be readily mounted to and removed from the stand, as follows:[16]



27.     Defendant has never been licensed or otherwise authorized to practice the claims of the '022 patent.

28.     As a direct and proximate cause of Defendant's infringement of the '022 patent, Plaintiff has been damaged in an amount yet to be determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment and provide relief as follows:

A. That Defendant has infringed the '022 patent;
B. That the '022 patent is valid and enforceable;
C. That Defendant be ordered to account for and pay to Plaintiff the damages resulting from Defendant's infringement of the '022 patent, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;
D. That this action be adjudicated an exceptional case and Plaintiff be awarded its attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; and
E. That Plaintiff be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

---

[16] http://www.lupo.it/en/fotografia/lupoled560 (visited January 20, 2018).

## **JURY DEMAND**

Litepanels demands a jury trial on all issues so triable.

Respectfully submitted,

By: */s/ Kenneth C. Goolsby*
Kenneth C. Goolsby
Texas SBN 24003668
Jeff Jackson
Texas SBN 24069976
**BOON CALK ECHOLS**
**COLEMAN & GOOLSBY, PLLC**
1800 N.W. Loop 281, Suite 303
Longview, TX 75604
Telephone: (903) 759-2200
Facsimile: (903) 759-3306
E-Mail: casey.goolsby@boonlaw.com
          jeff.jackson@boonlaw.com

David M. Magee
Texas SBN 24113304
Karl T. Fisher
Texas SBN 24097689
**ARMSTRONG TEASDALE LLP**
Prudential Tower
800 Boylston St., 30th Floor
Boston, Massachusetts 02199
Telephone: 617.824.5150
Facsimile: 617.830.8490
E-Mail: dmagee@atllp.com
E-Mail: kfisher@atllp.com

*ATTORNEYS FOR PLAINTIFF*
*LITEPANELS LTD.*